UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHELSEA MCCANDLESS,

    Plaintiff,

v.                                                                          Case No.:  8:22-cv-421-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## **OPINION AND ORDER**

This cause is before the Court on Plaintiff Chelsea McCandless's Unopposed Petition for Attorney Fees (Doc. 24). Plaintiff requests that the Court enter an order awarding attorney fees in the amount of $7,494.91 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons explained below, the Court finds that Plaintiff's request is due to be **GRANTED**.

In order for Plaintiff to receive an award of fees under EAJA, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances

that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that the five conditions are met. Therefore, all the conditions for EAJA fees have been satisfied.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). Plaintiff's counsel spent a total of 31.90 hours in EAJA related representation of Plaintiff before this Court. (Doc. 24, p. 2; 5, 6). After reviewing the description of services provided, the Court determines that 31.90 hours is reasonable in this case.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford*

*v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff is requesting an hourly rate of $234.95, for counsel in this case. (Doc. 24, p. 2). The Court finds this hourly rate is reasonable. Accordingly, the Court will award Plaintiff's attorney fees totaling $7,494.91.

Plaintiff attached a Representation Agreement, Social Security Federal Court Litigation. (Doc. 24, p. 3). In the agreement, Plaintiff agrees to assign all awarded EAJA fees to Plaintiff's counsel. (Doc. 24, p. 3). Thus, the fees awarded should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Accordingly, it is hereby **ORDERED**:

(1) Plaintiff's Unopposed Petition for Attorney Fees (Doc. 24) is **GRANTED**.

(2) Attorney fees totaling $7,494.91 are awarded to Plaintiff. The attorney fees may be paid directly to Plaintiff's counsel if the United States Department of the Treasury determines that Plaintiff owes no federal debt.

(3) The Clerk of Court is directed to enter an amended judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on January 31, 2023.

/s/ Douglas N. Frazier
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties